UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOYCE MAYBERRY, | ) | Chapter 13 |
| | ) | Case No. 11-43613-HJB |
| Debtor | ) | |
| | ) | |
| | ) | |

### CHAPTER 13 TRUSTEE'S BRIEF IN SUPPORT OF THE MOTION TO DISMISS

NOW COMES Denise M. Pappalardo, the Standing Chapter 13 Trustee (the "Trustee"), and submits the within brief in support of the Trustee's Motion to Dismiss (the "Motion").

### FACTS

The facts do not appear to be in dispute. On August 26, 2011, the Debtor filed for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"). On or about September 19, 2011, the Debtor filed the Chapter 13 Plan (the "Plan"). The Plan provides for payments of $85.00 for 36 months. The unsecured creditors, which total $20,738.00, shall be paid from a pot totaling $180.00. The estimated dividend is .86%.

Wells Fargo Bank, N.A. ("Wells Fargo") is the holder of a secured lien on the Debtor's residence located at 10 Mountain Brook Road, Sturbridge, Massachusetts (the "Property"). On or about September 21, 2011, Wells Fargo filed a secured proof of claim in the amount of $169,840.32 with pre-petition secured arrears of $29,829.48. The Plan does not provide for the pre-petition arrears. Instead, the Debtor sets forth she will pay the creditor directly $600.00 per month. This figure is "...based on a projected home loan modification agreed to pay the parties

[sic]. These payments should be considered principle and interest payments and/or adequate protection payments."

On or about August 16, 2012, the Trustee filed the Motion as the Plan did not adequately address Wells Fargo's claim. A hearing on the Motion was held on September 11, 2012. As of the date of the hearing, the loan modification had not been finalized as Wells Fargo was seeking additional documents. Furthermore, the Debtor conceded the proof of claim filed by Wells Fargo was true and accurate. In defense of the Motion, the Debtor argued the arrears would be incorporated into a future loan modification although no such loan modification had been approved by Wells Fargo. Furthermore, if in fact a loan modification was not finalized, the Debtor was aware a foreclosure action might be commenced upon the completion the case but at least she could remain at the Property for the next five years.

## ISSUE

Whether the Debtor should be required to file an amended plan to provide for the full amount of the secured arrears of Wells Fargo or, in the alternative, whether the case should be dismissed pursuant to 11 U.S.C. §1307( c)(1) as she does not have the ability to reorganize her debts.

## ARGUMENT

A claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). A filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Civ. Pro. 3001(f). As the Debtor failed to file an objection to the claim of Wells Fargo, it is deemed allowed in the amount of $29,829.48.[1] The Debtor, however, proposes to pay the claim through an anticipated loan modification. As no formal agreement has been reached by the parties, the

---

[1] Pursuant to MLBR 13-13(e), objections to proofs of claim must be filed within thirty (30) days after the deadline for filing proofs of claim or within such additional time as the Court may allow.

Debtor is in essence seeking to unilaterally modify the rights of Wells Fargo which is impermissible as set forth in §1322(b)(2).[2] *See, Nobleman v. Am. Sav. Bank*, 508 U.S. 324 (1993).

The Debtor argues that as Wells Fargo failed to object to confirmation of the Plan, they have accepted the treatment of their claim.[3] *See, Flynn v. Bankowski (In re Flynn),* 402 B.R. 437, 444 (1st Cir. BAP 2009)(Acceptance of a plan may occur upon a secured creditor's failure to file a timely objection to the plan. The creditor must receive proper and adequate notice containing a clear, open, and explicit statement of a secured creditor's treatment in a plan before the failure to object will be deemed implied acceptance.) *See also, Factors Funding Co. v. Fili (In re Fili),* 257 B.R. 370 (1st Cir. BAP 2001). Even assuming, *arguendo*, the creditor's silence is deemed acceptance of the treatment, the provisions of the Plan are problematic on several grounds.

First, even in the absence of a creditor's objection, bankruptcy courts have the authority to direct a debtor to conform his plan to the requirements of the Code. *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1380-1381 (2010). As has been previously addressed, the Plan impermissibly modifies the claim of Wells Fargo.

Second, the harm to the Debtor in failing to file an amended plan to provide for the full amount of the arrears outweighs the benefit in failing to pay the claim during the term of the

---

[2] 11 U.S.C. §1322(b)(2) provides in part

> [T]he plan may...modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...

[3] 11 U.S.C. §1325(a)(5) provides in part, "[T]he court shall confirm a plan if...with respect to each allowed secured claim provided for by the plan...the holder of such claim has accepted the plan."

Plan. Despite the filing of a bankruptcy petition, a creditor's lien stays with the property until foreclosure. *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992). A secured creditor may look to its lien for satisfaction of the debt. *In re MacKenzie*, 314 B.R. 277, 279 (Bankr. D. N.H. 2004). To the extent that any payments to a secured creditor under a plan do not fully pay the amount of any prepetition arrearage, such amount remains outstanding and secured by a lien on the debtor's property after the completion of the plan. *Id*. at 280. Furthermore, long-term debt is not discharged through a Chapter 13 plan. 11 U.S.C. §1328(a)(1). By failing to cure the arrears, the Debtor acknowledges she may face foreclosure after discharge. It appears to be antithetical to the concept of the Debtor's fresh start to saddle her with debt after the discharge.[4]

Finally, the purpose of Chapter 13 is to enable individual debtors to reorganize their financial affairs by extending due dates and servicing their debts out of future income pursuant to a payment plan. *In re Buck*, 432 B.R. 13, 22 (Bankr. D. Mass. 2010). Congress intended debtors to deal fairly and justly with their creditors. *In re Howard*, 3 B.R. 75, 76 (Bankr. S.D. Cal. 1980). The Debtor is not reorganizing her debts but is deferring payments as she conceded if she does not obtain a loan modification, her goal is merely to remain in the Property for the next five years. By failing to address the arrears, the Debtor is seeking to hold the creditor in abeyance until after discharge. As such, the Debtor is not proceeding in good faith as set forth in §§1325(a)(3) and (7). *See, Marrama v. Citizens Bank of Mass. (In re Marrama)*, 430 F.3d 474, 482 (1st Cir. 2005), *aff'd Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007)(In assessing the totality of circumstances for determining good faith, the court should consider whether the debtor is trying to manipulate the bankruptcy process.); *Sullivan v. Breslin, (In re Sullivan)*, 326

---

[4]It is worth noting that the Debtor will not be eligible for Chapter 13 relief for two years after the entry of a discharge in this case. 11 U.S.C. §1328(f)(2).

B.R. 204, 211 (B.A.P. 1st Cir. 2005)(Debtor must exercise good faith in filing the petition and in proposing the plan).

Given the above, the Debtor should be ordered to file an amended plan. In the alternative, the case should be dismissed pursuant to §1307( c)(1) as the Debtor does not have the ability to reorganize her debts which is an unreasonable delay which is prejudicial to creditors.

                    Respectfully submitted,
                    Standing Chapter 13 Trustee

Dated: October 5, 2012                    /s/Joanne Psilos

                    Denise M. Pappalardo, Trustee
                    BBO # 553293
                    Joanne Psilos, Staff Attorney
                    BBO # 556997
                    P.O. Box 16607
                    Worcester, MA 01601
                    (508) 791-3300
                    denisepappalardo@ch13worc.com

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the within was sent to the Debtor, Debtor's counsel of record, and those parties who filed an appearance by first class mail, postage prepaid.

Dated: October 5, 2012                      /s/Joanne Psilos
                                                  Denise M. Pappalardo, Trustee
                                                  BBO # 553293
                                                  Joanne Psilos, Staff Attorney
                                                  BBO # 556997
                                                  denisepappalardo@ch13worc.com

## SERVICE LIST

Robert Kovacs, Esq.
172 Shrewsbury Street
Worcester, MA 01604

Joyce Mayberry
10 Mountain Brook Road
Sturbridge, MA 01566